

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Cullen B. Vance
County Attorney
Jackson County
Edna, Texas

Dear Sir:

Opinion No. O-6155
Re: Under the provisions of Subdivision 1,
Article 3926, V. A. C. S. 1925, is the
County Judge due a commission of one-
half of one per cent on sums received
by the temporary administrator of a
decedent's estate when the sums so
received consist of cash on deposit due
decedent for (a) wages and bonus as a
Merchant Marine, and (b) under a certifi-
cate of deposit issued in lieu of a paid-
up life insurance policy, both amounts
being subject to immediate payment to
the legally qualified representative of
the decedent.

In your letter of August 9, 1944, you request the
opinion of this department on the following questions and the
factual situations contained therein:

"I would like to have an opinion from your department
as to whether or not in Subdivision 1 of Article 3926 of the
Revised Civil Statutes is applicable to the following situa-
tion:

"1. Where a Temporary Administrator is appointed
for the purpose of collecting and receiving money due the
deceased for wages and bonus as a Merchant Marine, said
money at the time application for Temporary Administration
was made being on deposit in the United States District
Court, Southern District, New York, and being subject to
immediate payment to the qualified legal representative of
the deceased.

Honorable Cullen B. Vance, page 2

"2. Where a Temporary Administrator is appointed for the purpose of redeeming and liquidating a Certificate of Deposit issued in lieu of a paid up life insurance policy, the amount due being subject to immediate payment to the legally qualified representative of the deceased.

"The question of whether the commission of one half of one per cent is properly taxable in these situations is immaterial as far as affecting the salary and fees of the County Judge inasmuch as he reaches his maximum allowance anyway. However, if properly taxable, it would accrue to the benefit of the county.

". . ."

The words "a commission of one-half of one per cent upon the actual cash receipts of each executor, administrator or guardian", as used in Subdivision 1, Article 3926, V. A. C. S., 1925, necessarily must be construed in connection with the words "actually receive in cash", as used in Articles 3689 and 3690, V. A. C. S. 1925, as applicable to the commissions allowed executors and administrators in order to arrive at the meaning intended by the Legislature.

The case of Willis et al. v. Harvey, 26 S. W. (2d) 288, (Texarkana Court of Civil Appeals) application for writ of error refused, construes the words "cash receipts" in the above connection as follows:

"It is thought the term 'actual cash receipts' should be held to specifically describe money received by the executor other than the cash or corpus of the estate which was on hand when the testator died, because the words used point to and imply that meaning. And, too, another section of the statute, bearing upon the same subject-matter of compensation, makes it evident that such was the meaning that the Legislature intended should be put upon the term used in the presently considered article. The one section of the statute stands as the context of the other, and they may be compared and read together as a means of giving to the language used the meaning intended by the Legislature. By such sections (article 3689 and 3690) executors and administrators are allowed commission on 'all sums they may actually receive in cash' but which shall not include 'any cash which was on hand at the time of the death of the testator or intestate.' . . . There is no difference in the meaning of the terms 'actually receive in cash,' as used in article 3689, and 'actual cash receipts,' as used in article 3926, . . ."

Honorable Cullen B. Vance, page 3


In the light of the above opinion, which is the construction approved by the Supreme Court of Texas, it is the opinion of the department in answer to your question, that since each of the amounts in question are liquidated sums of money due to the estate of the decedent and payable in cash upon the demand by and to the legally qualified representative of decedent's estate, such amounts constitute a part of the cash or corpus of the estate which was on hand or immediately payable upon the death of the intestate, and are therefore not taxable under the provisions of Subdivision 1, Article 3926, V. A. C. S. 1925, for the payment of fees to the County Judge of Jackson County, and hence would not be payable to Jackson County under the provisions of the "maximum fee" statutes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

C. K. Richards
Assistant

CKR:AMM

APPROVED AUG 21, 1944

(Acting)

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN